UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN JUNIOR HEATH,

                    Plaintiff,

        -against-

T. ERIC GALLOWAY, THE LANSING
GROUP, THE LANTERN ORGANIZATION,
SCHAEFFER SERVICES, AND GALVAN
FOUNDATION

                    Defendants.

23-CV-10886 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff brings this action *pro se*. By order dated December 22, 2023, the Court granted

Plaintiff's request to proceed *in forma pauperis* ("IFP"). For the reasons set forth in this order,

the Court dismisses the action for lack of subject matter jurisdiction, but grants Plaintiff 30 days'

leave to amend his complaint.

## STANDARD OF REVIEW

        The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when it lacks subject matter jurisdiction of the claims raised. *See* Fed. R.

Civ. P. 12(h)(3).

        While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to

interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of*

*Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted)

(emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8. Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)*.* In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* at 678. But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff John Junior Heath, who resides in the Bronx, New York, brings this complaint against "Timothy, Eric Galloway," "the Lansing group," "the lantern organization," "Schaeffer services," "Galvan Foundation," "Eric Galloway," and "T Eric Galloway."[1] *See* ECF No. 1 at 1, 5–6. Plaintiff alleges that, from May 2013 through February 2014, Defendant Galloway sexually harassed and assaulted him on numerous occasions. The conduct allegedly began after Defendant hired Plaintiff to perform clerical work. Plaintiff states that he endured numerous unwanted sexual advances in the workplace; Defendant sent text messages soliciting explicit pictures, attempted to forcibly kiss Plaintiff in an elevator and in a stairwell, and tried to remove

---

[1] All of Plaintiff's allegations pertain to Defendant Galloway. It is unclear to the Court how the other defendants are purportedly involved in the events giving rise to Plaintiff's claims.

Plaintiff's pants after calling him to a meeting in his office. Plaintiff states that in each of these incidents, he "fought [Defendant] off." *Id.* at 5. Plaintiff was eventually terminated from his employment with Defendant. After being denied unemployment benefits, Plaintiff contacted Defendant for assistance. *Id.* at 6. The two met for dinner, and afterward, Defendant asked Plaintiff to return to his home in Manhattan. There, Defendant insisted that Plaintiff drink a glass of wine, despite his initial refusal. Plaintiff then recalls waking up on the floor with his pants pulled down. He felt pain and noticed evidence of anal penetration. As he gathered his things to leave, Defendant allegedly ushered Plaintiff into the elevator, handed him two hundred dollars, and said he would resolve the unemployment benefits issue. Plaintiff then left the premises. *Id.*

## DISCUSSION

### A.     Subject Matter Jurisdiction

The limited subject matter jurisdiction of federal district courts is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . .").

1.      **Federal Question Jurisdiction**

To invoke federal question jurisdiction, a plaintiff's claim must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Plaintiff first asserts that Defendant violated his constitutional rights. However, "[b]ecause the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." *United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*, 941 F.2d 1292, 1295–96 (2d Cir.1991) (citing *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)). To demonstrate that conduct is state action, "a plaintiff must allege that he was injured by either a state actor or a private party acting under color of state law." *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) (citing *Spear v. Town of West Hartford*, 954 F.2d 63, 68 (2d Cir. 1992)). Because the named defendants are all private actors, to raise a constitutional challenge against any of them under Section 1983, Plaintiff must plead facts indicating that Defendants acted under color of state law. "A private actor acts under color of state law when the private actor 'is a willful participant in joint activity with the State or its agents.'" *Cambriello*, 292 F.3d at 324 (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)). Plaintiff has made no allegations that Defendants acted under color of

4

state law. Thus, the Court has no basis to believe that Defendants' conduct constitutes state action that Plaintiff can challenge under Section 1983.

Plaintiff provides facts that the Court construes as implicating Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), a "law[]… of the United States." 28 U.S.C. § 1331. Plaintiff's complaint alleges multiple instances of sexual harassment in the workplace that likely meet the elements of a hostile work environment claim. "To state a hostile work environment claim, a plaintiff must plead conduct that '(1) is objectively severe or pervasive—that is, creates an environment that a reasonable person would find hostile or abusive; (2) creates an environment that the plaintiff subjectively perceives as hostile or abusive; and (3) creates such an environment because of the plaintiff's' protected status." *Rodriguez v. Town of Ramapo*, 412 F.Supp.3d 412, 444 (S.D.N.Y. 2019) (quoting *Patane v. Clark*, 508 F.3d 106, 113 (2d Cir. 2007)).

While Plaintiff's statement of events supports each of these elements, his complaint suffers from other deficiencies. To proceed on a Title VII claim, Plaintiff must demonstrate that he was an employee of one of the organizations that he named as defendants and that the organization employs fifteen or more employees. *See* 42 U.S.C. § 2000e(b). Plaintiff must also allege facts showing that he complied with the administrative agency charge provisions of Title VII to bring this claim. "Under Title VII, before bringing a claim in federal court, a New York plaintiff must file a charge with the EEOC within 300 days of the alleged discriminatory action," a requirement that "effectively acts as a statute of limitations" because "Title VII claims are barred by the failure to file a timely charge." *Hill v. Citibank Corp.*, 312 F. Supp. 2d 464, 472 (S.D.N.Y 2004); *see* 42 U.S.C. § 2000e-5(e)(1). Plaintiff currently offers no facts to suggest that he acted within 300 days of the alleged incidents or that more recent incidents occurred.

5

2.        **Diversity of Citizenship Jurisdiction**

The Court construes Plaintiff's sexual assault claim against Defendant as arising under the Adult Survivors Act, N.Y.C. P.L.R. § 214-j ("ASA"). Under New York law, intentional torts such as assault and battery must be brought within one year. N.Y.C. P.L.R. § 215(3). But the ASA provides for a one-year "look back" window for adult survivors of sexual assault whose claims otherwise fall outside of the statute of limitations. Beginning on November 24, 2022, six months after the ASA's enactment, and continuing until November 24, 2023, anyone who was sexually assaulted as an adult in New York State and whose civil claim was previously outside the statute of limitations would have one year to file a civil lawsuit. [2] *See* N.Y.C. P.L.R. § 214-j.

For federal courts to exercise jurisdiction of state law claims brought without any corresponding federal claims, the parties must have diversity of citizenship. To establish diversity of citizenship jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that all opposing parties are citizens of different states. *Wis. Dep't of Corr. V. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must indicate a "reasonable probability" that the claim exceeds $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). Plaintiff suggests that he and the named defendants are all citizens of New York, which precludes complete diversity of citizenship. Because Plaintiff states no facts to indicate that the parties are diverse, and provides evidence to the contrary, it appears that the Court does not have diversity of citizenship jurisdiction of this claim.

---

[2] Plaintiff filed this complaint on December 13, 2023. Plaintiff's claim under the ASA may therefore be untimely because it falls outside of the "look back window" provision of the ASA. *See* N.Y.C. P.L.R. § 214-j.

**B.     Supplemental Jurisdiction**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Here, Plaintiff does not currently state a federal claim that would allow the Court to exercise supplemental jurisdiction of the state law claims that he is attempting to assert. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**C.     Leave to Amend**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Although the Court finds it unlikely that Plaintiff can allege additional facts to state a valid federal claim, in light of his *pro se* status, the Court grants Plaintiff 30 days' leave to amend to allege facts to state a valid federal claim under Title VII and to allege facts showing that the Court has diversity of citizenship jurisdiction of his ASA claim.

To state a valid Title VII claim, Plaintiff must allege that (1) he was an employee of one of the organizations he named as defendants during the alleged workplace harassment, (2) the organization employs at least fifteen people, and (3) his filing window has not lapsed, either by proof of a timely filed EEOC complaint or by evidence of more recent incidents that are not time-barred. To state a valid ASA claim, Plaintiff must reallege his claim against Defendant Galloway, allege that Defendant Galloway resides in a state other than New York, and that his damages exceed $75,000. If Plaintiff has addresses for Defendants, he must provide them. Plaintiff should provide all information in the amended complaint that he wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit

within 30 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 23-CV-10886 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the Court will direct the Clerk of Court to enter judgment in this case.

The Clerk of Court is instructed to hold this matter open on the docket until a civil judgment is entered.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   June 10, 2024
         New York, New York

                                        /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the full name of each plaintiff.



-against-


_____

_____

_____

_____
Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____
(Include case number if one has been assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of

(Plaintiff's name)

_____

(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                        (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                    Middle Initial          Last Name

_____

Street Address

_____

County, City                            State                 Zip Code

_____          _____

Telephone Number                        Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                    Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                   State              Zip Code

Defendant 2:

First Name                    Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                   State              Zip Code

Defendant 3:

First Name                    Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                   State              Zip Code

Defendant 4:

_____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                        State              Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____


Date(s) of occurrence: _____

### FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were
harmed, and what each defendant personally did or failed to do that harmed you. Attach
additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |

| First Name | Middle Initial | Last Name |

| Street Address |

| County, City | State | Zip Code |

| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.